Filed 8/17/16  P. v. Johnson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR LEE JOHNSON,<br><br>    Defendant and Appellant. | B261443<br><br>(Los Angeles County<br>Super. Ct. No. NA033342) |

THE COURT:[*]

Defendant and appellant Arthur Lee Johnson appeals from the trial court's December 18, 2014 order denying defendant's motion under Penal Code section 1385[1] to strike prior felony convictions that were qualifying prior strike convictions under the "Three Strikes" law (§§ 667, subd. (b)-(i), 1170.12).  Defendant's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) raising no issues.  On May 27, 2016, we directed defendant's appellate counsel to send defendant the record on this appeal and a copy of counsel's opening brief and accorded defendant

---

[*]    BOREN, P. J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

30 days to file his own brief or letter stating any ground or argument he wished to have considered. Defendant did not submit any brief or letter.

Our independent review of the record discloses no error by the trial court. We therefore affirm the trial court's order.

## BACKGROUND[2]

A jury convicted defendant in February 1998 of three counts of first degree burglary, and the court found he had three prior burglary convictions that were qualifying prior felony convictions under the Three Strikes law.

Defendant's criminal history included a 1974 petty theft conviction, for which he was granted probation; a 1977 conviction for burglary and theft, for which he was sentenced to jail; a 1986 conviction for two counts of first degree burglary, for which he was placed on five years of probation with a condition that he serve one year in jail; a 1987 conviction for possession of cocaine, after which he was sentenced to concurrent two-year terms for cocaine possession and for the previous burglaries. Defendant was paroled on January 26, 1988. On May 18, 1988, he was arrested for first degree burglary, and in October 1988, he was convicted of seven counts of first degree burglary. In November 1988, he was sentenced to a total prison term of 12 years 4 months for the burglary offenses. Defendant was paroled on October 12, 1994. He was arrested several weeks later, and his parole was revoked. Defendant was again paroled on April 4, 1995. He was arrested soon thereafter for second degree burglary, and a parole hold was placed on April 25, 1995. On April 15, 1996, defendant was convicted of second degree burglary, was found to have one prior strike, and was sentenced to a prison term of two years eight months. He was paroled on April 2, 1997, less than two months before he committed the first of the three offenses that are the underlying basis for this appeal.

Defendant served in the United States Navy from 1969 through 1972. He received the National Defense Service Medal, the Vietnam Service Medal with a Bronze Star, and

---

**2**     We granted defendant's request for judicial notice of our opinion in a prior appeal by defendant, which sets forth in detail the factual and procedural history of this case. (*People v. Johnson* (Mar. 22, 2001, B141948) [nonpub. opn.].)

a combat action ribbon for his service in Vietnam. He began using heroin in Vietnam and became addicted to heroin. Several years later, he began using methamphetamine. At the time of his initial sentencing hearing in 1998, defendant had never received treatment for drug or alcohol abuse.

At defendant's initial sentencing hearing in May 1998, Dr. Calvin Frederick, a professor in the Department of Psychiatry and Behavioral Sciences at UCLA, opined that defendant suffered from posttraumatic stress disorder (PTSD) as a result of his experience in Vietnam but noted that PTSD can be treated. Dr. Frederick stated that defendant's commission of burglaries was related to a $200-a-day drug habit. Defendant's sister Gwendolyn Gill submitted a letter on defendant's behalf and testified that she never saw defendant act violently and that defendant had not admitted his drug use to her until two weeks before the sentencing hearing. She believed he had been too ashamed to request help.

At the conclusion of the sentencing hearing, the trial court reviewed defendant's criminal history and noted that defendant had spent 10 of the past 12 years in state prison, that he had been paroled multiple times, and that he continued to commit crimes while out on parole. The trial court further noted that defendant's drug addiction and PTSD were both treatable, that he had never sought treatment for those problems, and that he had instead chosen to become a career criminal. The court sentenced defendant to three consecutive prison terms of 25 years to life.

After that sentence was imposed, the Supreme Court held that a trial court has discretion to vacate or dismiss one or more prior strike findings or allegations with respect to one current felony after determining that it would be inappropriate to vacate or dismiss any prior strike findings or allegations with respect to another current felony. (*People v. Garcia* (1999) 20 Cal.4th 490, 492-493 (*Garcia*).)

In a nonpublished opinion in defendant's first appeal, *People v. Johnson* (Nov. 16, 1999, B123526), we concluded that the trial court had acted within its discretion in deciding not to vacate any prior strike findings as to one count of burglary. We noted, however, that until the Supreme Court's decision in *Garcia*, the law had been unclear,

3

and the trial court might not have known that it had discretion to vacate prior strike findings on a count-by-count basis. We therefore remanded the case for resentencing to permit the trial court to consider whether to vacate one or more prior strike findings as to one or two counts only.

On remand, the trial court again sentenced defendant to three consecutive prison terms of 25 years to life. Defendant filed a second appeal (B141948), in which he argued that his resentencing hearing was fundamentally unfair because the trial court and his counsel were unaware of the actual number of prior strikes that had been found true; that the trial court abused its discretion by not vacating at least two prior strike findings as to two of the current convictions; the sentence imposed constituted cruel and unusual punishment in violation of the California Constitution and the Eighth Amendment to the United States Constitution; and the trial court erred in calculating and awarding custody credit for the time defendant spent in prison and jail awaiting resentencing. We concluded that defendant had forfeited the right to contend the resentencing hearing was unfair because defense counsel had asserted at the hearing that the court did not need to know the actual number of prior strike findings to determine whether defendant should receive a sentence of less than 25 years to life on one or two counts; that insofar as defendant claimed defense counsel was ineffective, he had failed to establish any resulting prejudice; and the record disclosed no abuse of discretion by the trial court. We further concluded the sentence imposed did not constitute cruel and unusual punishment in view of defendant's prior strike findings, his long recidivist history,

In November 2014, defendant filed a motion under section 1385 seeking dismissal of his prior felony strikes on the ground that he committed those offenses as the result of PTSD and substance abuse problems stemming from his military service, and that section 1170.9[3] required the court to consider whether defendant should be placed on probation

---

[3]     Section 1170.9, subdivision (a) provides in relevant part: "In the case of any person convicted of a criminal offense who could otherwise be sentenced to county jail or state prison and who alleges that he or she committed the offense as a result of . . . post-traumatic stress disorder, substance abuse, or mental health problems stemming from

4

and ordered into an appropriate treatment program rather than being sentenced to state prison. The trial court denied the motion in an order dated December 18, 2014, concluding that defendant had failed to establish prima facie grounds for relief. This appeal followed.

We have reviewed the entire record and find that there was no error.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

service in the United States military, the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from … post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her service. The court may request, through existing resources, an assessment to aid in that determination."

Subdivision (b)(1) of the statute provides that if the defendant is a person described in subdivision (a), and the defendant is otherwise eligible for probation, "the court shall consider the circumstances described in subdivision (a) as a factor in favor of granting probation." (§ 1170.9, subd. (b)(1).) Subdivision (b)(2) provides that if the court places the defendant on probation, the court may order the defendant into a treatment program "for a period not to exceed that period which the defendant would have served in state prison or county jail, provided the defendant agrees to participate in the program and the court determines that an appropriate treatment program exists." (§ 1170.9, subd. (b)(2).)